UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATRINA M. MANDERA,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. C25-5757-KKE

ORDER AFFIRMING THE
COMMISSIONER'S DECISION

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the administrative law judge ("ALJ") erred in evaluating two medical source opinions and in discounting Plaintiff's mental health testimony. Dkt. No. 11 at 1. As discussed below, the Court AFFIRMS the Commissioner's final decision and dismisses the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1978, has a high school diploma, and has worked as a retail worker, fast food worker, cashier, and warehouse/packing worker. Dkt. No. 6 (hereinafter Administrative Record ("AR")) at 244, 267, 282. Plaintiff was last gainfully employed in 2021. *Id.* at 265.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 1

In August 2022, Plaintiff applied for benefits, alleging disability as of September 3, 2021. AR at 187–88, 190–95.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  *Id.* at 104–09, 112–21.  After the ALJ conducted a hearing on July 11, 2024 (*id*. at 38–57), the ALJ issued a decision finding Plaintiff not disabled.  *Id.* at 17–32.

### III.    THE COMMISSIONER'S FINAL DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one:**  Plaintiff worked since her alleged disability onset date, but this work did not amount to substantial gainful activity.

**Step two:**  Plaintiff has the following severe impairments: depressive disorder, anxiety disorder, trauma disorder, migraines, degenerative disc disease, and bilateral patellofemoral arthritis.

**Step three:**   These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity:**   Plaintiff can perform light work with additional limitations: she can stand and walk for a combined total of four hours in an eight-hour workday.  She can occasionally climb ramps and stairs.  She can never climb ladders, ropes or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She can have occasional exposure to extreme temperatures, vibration, pulmonary irritants, and hazards. She can understand, remember, and carry out simple instructions, and can use judgement to make simple work-related decisions.  She can deal with occasional changes in a routine work setting.  She can occasionally interact with supervisors, coworkers, and the public.

**Step four:**  Plaintiff cannot perform past relevant work.

**Step five:**  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 17–32.  The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision.  AR at 1–6.  Plaintiff appealed the final decision of the Commissioner to this Court.  Dkt. Nos. 1, 4.

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 2

## IV.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.* at 954.

## V.    DISCUSSION

### A.    The ALJ Did Not Err in Evaluating the Medical Source Opinions.

The ALJ found the medical opinions of Helen Caldwell, DNP, PMHNP, and David. T. Morgan, Ph.D., to be unpersuasive. AR at 29. Under regulations applicable to this case, the ALJ is required to evaluate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. §§ 404.1520c(a)–

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 3

(c), 416.920c(a)–(c).  An ALJ's consistency and supportability findings must be supported by substantial evidence.  *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022).

The Court will address each challenged opinion in turn.

1.    *Ms. Caldwell*

Ms. Caldwell conducted a psychological consultative examination of Plaintiff in July 2023. AR at 814– 18.  Her opinion notes that Plaintiff's attire was neat, clean, and weather appropriate; that she had good attention to hygiene and grooming; that she was cooperative, polite, and maintained good eye contact; that she was able to recall 3/3 words immediately, and 2/3 after a five-minute delay; that she made mistakes while performing serial 7s; that she was easily able to spell the word "WORLD" forwards and backwards; that her thought processes were linear and coherent; that her concentration, persistence, and pace were within normal limits; and that her judgment and insight were good.  *Id*.  Ms. Caldwell opined, in relevant part, that Plaintiff may have difficulty accepting instructions from supervisors, that she would have difficulty interacting with coworkers and the public, that she would have difficulty maintaining regular attendance and completing a normal workday/work week without interruptions from a psychiatric condition related to anxiety and panic attacks, and that she would have difficulty dealing with the usual stress encountered in the workplace due to high underlying levels of anxiety.  *Id*. at 818.

The ALJ summarized Ms. Caldwell's opinion and explained why it was found unpersuasive: because the ALJ found it to be unsupported by her examination record and inconsistent with the remainder of the record.  AR at 29.  First, the ALJ contrasted the many normal examination findings with the significant limitations indicated by Ms. Caldwell.  *Id*.  Second, the ALJ found that Ms. Caldwell's opinion was inconsistent with other evidence, such as Plaintiff's

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 4

work at Starbucks and her mental health treatment records documenting her reports of no depression and "okay" anxiety on numerous occasions. *Id*.

Plaintiff argues that, contrary to the ALJ's decision, the functional limitations identified by Ms. Caldwell are in fact supported by her examination record because they are "specific to Plaintiff's levels of anxiety" and do not relate to Plaintiff's "ability to spell or linear thought processes." Dkt. No. 11 at 4.  However, Ms. Caldwell's benign findings were not strictly limited to Plaintiff's spelling and thought processes: she also found, for example, that Plaintiff demonstrated good insight and judgment during the examination, and that her concentration, persistence, and pace were normal.  AR at 816.  Yet Ms. Caldwell also opined that Plaintiff would have difficulty completing a normal workday or workweek due to her symptoms.  *Id*. at 818.  This conclusion is reasonably unsupported by Ms. Caldwell's findings, and the ALJ did not err in finding the opinion to be unsupported on this basis.  *See, e.g.*, *Kitchen v. Kijakazi*, 82 F.4th 732, 740 (9th Cir. 2023) (finding that doctor's opinion about the plaintiff's severe mental limitations was unsupported when the doctor observed the plaintiff as "engaged, alert and oriented, and only 'slightly anxious'" during an office visit).

Plaintiff also challenges the ALJ's consistency finding, arguing that Ms. Caldwell's opinion is in fact consistent with the remainder of the record because Plaintiff's work at Starbucks during the period of alleged disability did not rise to the level of substantial gainful activity, and her mental health treatment records show that she did sometimes report depressed mood with trauma history and anxiety issues. Dkt. No. 11 at 5.  These arguments are not persuasive.  Although Plaintiff's work at Starbucks did not amount to substantial gainful activity, an ALJ "is permitted to consider any work done by a claimant when evaluating a disability claim, regardless of whether the work constitutes substantial gainful activity." *Nadon v. Bisignano*, 145 F.4th 1133, 1136 (9th

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 5

Cir. 2025).  Here, Plaintiff's brief employment at Starbucks is relevant because Plaintiff reported that she stopped working for physical reasons unrelated to the mental limitations identified by Ms. Caldwell.  *See* AR at 488, 798, 816.  This demonstrated ability to work is inconsistent with Ms. Caldwell's finding that Plaintiff would have difficulty maintaining regular attendance due to her mental symptoms.

Moreover, Plaintiff's mental health records are similarly inconsistent with Ms. Caldwell's opinion.  While the records do show that Plaintiff reported positively for depression and anxiety on some occasions, Plaintiff also frequently reported negatively for depression and anxiety.  *See* AR at 26–27 (citing *id*. at 530, 536, 1149, 1312, 1318, 1324, 1330, 1331, 1337, 1342, 1458).  The ALJ reasonably found that the record was inconsistent with the limitations described by Ms. Caldwell, and Plaintiff's proffered alternative interpretation does not show that the ALJ erred. *Morgan v. Comm'r of Soc. Sec. Admin*., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

### 2.    *Dr. Morgan*

Dr. Morgan conducted a DSHS evaluation of Plaintiff, opining that she has mostly moderate and marked limits in her ability to perform basic work activity.  AR at 442–46.  The ALJ found Dr. Morgan's opinion unpersuasive because it is "not supported by his brief analysis" and is "inconsistent with the record of evidence." *Id*. at 29.

Plaintiff argues that Dr. Morgan's assessment was not "brief" because Dr. Morgan reviewed Plaintiff's DSHS records, her psychosocial history, medical treatment history, educational/work history, substance use history, activities of daily living, symptoms, and conducted a mental status examination.  Dkt. No. 11 at 7.  Dr. Morgan did have the opportunity to

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 6

review available records, but most of his findings were based on Plaintiff's phone interview and his opinion primarily consists of a checkbox form. AR at 444–46. Most of Dr. Morgan's mental status examination findings are normal and unexplained, and thus it was reasonable for the ALJ to find that they do not support the moderate and marked limitations identified elsewhere in the opinion. *See, e.g.*, *Stiffler v. O'Malley*, 102 F.4th 1102, 1107 (9th Cir. 2024) (affirming ALJ's finding that a doctor's opinion was unsupported when he "did not reference any specific objective findings to support the extreme mental functioning limitations he assessed").

The ALJ also found that Dr. Morgan's opinion was inconsistent with the remainder of the record, referencing Ms. Caldwell's normal examination findings summarized earlier in this order. *See* AR at 29. Plaintiff argues that these findings were cherry-picked from a record that also shows that Plaintiff had mood and affect congruent with reports of anxiety, that she only recalled 2/3 words after a five-minute delay, that she had difficulty with the Serial 7s test and did not catch her mistakes, that she could recall only one of three items after a short delay, and that she had inadequate performance on digit span forward and backward. Dkt. No. 11 at 7. However, Plaintiff has not shown that the ALJ's interpretation of the record is unreasonable. As the Commissioner notes, the fact that "the ALJ *could* have come to a different conclusion" does not mean that the ALJ erred. *Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017). The ALJ's interpretation of the record is supported by substantial evidence, namely normal examination findings that are inconsistent with the disabling limitations identified by Dr. Morgan. Accordingly, the Court finds no error in the ALJ's assessment of Dr. Morgan's opinion.

**B.      The ALJ Did Not Err in Discounting Plaintiff's Mental Health Testimony.**

After summarizing Plaintiff's subjective testimony, the ALJ explained that this testimony is not entirely consistent with the remainder of the record because Plaintiff's treatment notes

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 7

contained only intermittent complaints of mental symptoms, and Plaintiff's psychological consultative examination with Ms. Caldwell did not support the severity of her testified limitations. AR at 26–27.  Plaintiff alleges that these reasons are not clear and convincing, as required in the Ninth Circuit.  *See Smartt v. Kijakazi*, 53 F.4th 489, 494 (9th Cir. 2022).

First, Plaintiff argues that although she at times reported that she was not feeling depressed, at other times she reported depression with trauma history and anxiety.  Dkt. No. 11 at 10.  This mirrors the ALJ's finding that treatment notes indicate Plaintiff reporting both positively and negatively for depression and anxiety.  AR at 26–27.  The ALJ noted that Plaintiff was diagnosed with major depressive disorder and agoraphobia in 2021.  *See id*. at 443.  The ALJ further noted that in October 2021, Plaintiff reported depression but denied suicidal ideation.  *See id*. at 526.  In August 2022, Plaintiff was diagnosed with major depressive disorder, post-traumatic stress disorder, and generalized anxiety disorder.  *Id*. at 792.  In December 2022, Plaintiff reported that she was taking medication for her mental symptoms, had connected with a friend from church, and was going to start volunteering at a warming center.  *Id*. at 781.  In March 2023, Plaintiff denied feeling depressed or anxious.  *Id*. at 1312.  In April and June 2023, Plaintiff reported depression and stated her anxiety had been "okay."  *Id*. at 1318, 1324.  In August 2023, Plaintiff denied feeling depressed and stated her anxiety had been "okay."  *Id*. at 1149, 1330–31.  In October, November, and December 2023, Plaintiff also denied feeling depressed and again reported that her anxiety was "okay."  *Id*. at 1336, 1342, 1458.  In April 2024, Plaintiff reported feeling somewhat depressed but did not want to change her medication.  *Id*. at 1475.  In June 2024, Plaintiff reported depression, but also stated that Wellbutrin was helpful.  *Id*. at 1487.

These mental health treatment records indicate a pattern of only intermittent reporting of depression and anxiety symptoms.  The ALJ reasonably found that these treatment notes were

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

inconsistent with the disabling limitations Plaintiff described. *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent reporting of symptoms).

Second, Plaintiff argues that the ALJ improperly relied on Ms. Caldwell's notes from Plaintiff's psychological consultative examination to discount Plaintiff's mental health testimony. Dkt. No. 11 at 10-11. As discussed earlier in this order, Ms. Caldwell observed Plaintiff's attire as neat, clean, and weather appropriate; that she had good attention to hygiene and grooming; that she was cooperative, polite, and maintained good eye contact; that she was able to recall 3/3 words immediately, and 2/3 after a five-minute delay; that she made mistakes while performing serial 7s; that she was easily able to spell the word "WORLD" forwards and backwards; that her thought processes were linear and coherent; that her concentration, persistence, and pace were within normal limits; and that her judgment and insight were good. AR at 814–18. Plaintiff argues that these observations do not contradict her testimony about the severity of her mental symptoms (Dkt. No. 11 at 10–11), but some of Plaintiff's testimony is directly inconsistent with these observations.

For example, Plaintiff testified that she has difficulty remembering small things and appointments, she has issues focusing and concentrating on things, and she becomes overwhelmed and has anxiety and panic attacks when trying to complete everyday tasks. AR at 49. Plaintiff described these limitations in concentration and persistence at the hearing, yet Ms. Caldwell described Plaintiff's concentration, persistence, and pace as normal. *See* AR at 816. The ALJ did not err in relying on Ms. Caldwell's inconsistent psychological consultative examination notes to discount Plaintiff's testimony about the severity of her mental symptoms. *See Smartt*, 53 F.4th at 498 ("When objective medical evidence in the record is inconsistent with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." (emphasis omitted)).

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 9

## VI.    CONCLUSION

The Court finds that substantial evidence supports the ALJ's assessment of Ms. Caldwell's and Dr. Morgan's opinions, as well as Plaintiff's mental health testimony.   Accordingly, the Commissioner's final decision is AFFIRMED and this case is DISMISSED with prejudice.

Dated this 30th day of March, 2026.

_____

Kymberly K. Evanson
United States District Judge

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 10